# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00107-MR

| | |
|---|---|
| WESLEY Q. BAKER, | ) |
| Plaintiff, | ) |
| vs. | ) |
| JOHN REID, | ) **ORDER** |
| Defendant. | ) |

**THIS MATTER** is before the Court on initial review of the Complaint. [Doc. 1]. The Plaintiff is proceeding *in forma pauperis*. [Doc. 7].

The *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] [Doc. 1]. The Plaintiff names as the sole Defendant: John Reid, a correctional officer at Alexander C.I.

---

[1] The Plaintiff filed this action while he was incarcerated at the Alexander C.I., and that is his present address of record with the Court. However, the North Carolina Department of Public Safety's ("NCDPS") website indicates that he is presently incarcerated at the Scotland Correctional Institution. See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last visited May 5, 2021). The Plaintiff is reminded that it is his responsibility to keep the Court apprised of his present location at all times; the failure to do so may result in the dismissal of this action for lack of prosecution.

The Plaintiff alleges that Defendant Reid and two correctional sergeants[2] responded to a disturbance in the Plaintiff's assigned block on February 2, 2019, while the Plaintiff was using the phone. Defendant Reid gave all inmates a direct order to return to their assigned cells. The Plaintiff, who was not a part of the disturbance, complied with Reid's order by hanging up the phone and proceeding to his cell. As he did so, he alleges that Defendant Reid sprayed him "maliciously for no reason" with an excessive amount of pepper spray. [Doc. 1 at 3].

The Plaintiff alleges that he was temporarily blinded, that all of his skin from the neck up burned for two days, and that he sustained lasting vision damage in his right eye. [Id. at 4]. He seeks punitive and compensatory damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. §

---

[2] The Plaintiff mentions Sergeants John Johnson and John Shruggs in the body of the Complaint but he does not name them as Defendants or assert any claims against them.

1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim for the use of

3

excessive force, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Plaintiff has plausibly stated a claim for the use of excessive force against Defendant Reid for his application of pepper spray, and it will be permitted to proceed.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Reid, who is alleged to be a current or former employee of NCDPS.

**IT IS, THEREFORE, ORDERED** that the Complaint [Doc. 1] has passed initial review against Defendant Reid for the use of excessive force.

The Clerk of Court is respectfully directed to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant **John Reid**, who is alleged to be a current or former employee of NCDPS.

The Clerk is further respectfully directed to mail the Plaintiff an Opt-In/Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW and a copy of this Order to the Plaintiff at: Scotland Correctional Institution, 22385 McGirts Bridge Road, Laurinburg, NC 28353.

**IT IS SO ORDERED.**

Signed: May 24, 2021

Martin Reidinger
Chief United States District Judge