# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:19-cv-00107-MR

| | |
|---|---|
| WESLEY Q. BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CODY REID, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Deem Waiver of Service of Summons Timely Filed [Doc. 14].

This civil rights action was filed by the incarcerated *pro se* Plaintiff pursuant to 42 U.S.C. § 1983. The Complaint passed initial review on an excessive force claim against Defendant Cody Reid[1] on May 25, 2021, and the Clerk of Court commenced the procedure for waiving service of process that same day. [See Docs. 8-10].

On July 28, 2021, two days beyond the deadline for waiving service, the North Carolina Department of Public Safety ("NCDPS") filed the instant Motion with an attached service waiver for Defendant Reid. [Doc. 14].

---

[1] "John Reid" in the Complaint. [Doc. 1]. The Clerk will be instructed to correct the Defendant's name in the Court's records.

NCDPS states that the failure to obtain a timely service waiver was due to an administrative oversight and excusable neglect over which Defendant Reid had no control. The Plaintiff has not filed a response to the Motion, and the time to do so has expired.

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

Defendant Reid's Motion will be granted for good cause shown. Counsel has demonstrated that the failure to timely waive service was an administrative oversight and it is evident that denying the Motion would unfairly prejudice Defendant Reid. The Plaintiff has failed to suggest that he would be prejudiced by the Court granting the Motion or that such would unduly delay these proceedings. Accordingly, the Motion will be granted, and Defendant Reid's waiver of service will be accepted as timely filed.

**IT IS, THEREFORE, ORDERED** that Defendant Reid's Motion to Deem Waiver of Service of Summons Timely Filed [Doc. 14] is **GRANTED**.

The Clerk is respectfully instructed to docket Exhibit A [Doc. 14-1] as an executed Waiver of the Service of Summons, using the Waiver of Service Executed event, so that the Answer deadline for the Defendant will be properly set to commence on the date of this Order.

The Clerk is further instructed to correct the Defendant's name on the Court's docket from "John Reid" to "Cody D. Reid."

**IT IS SO ORDERED.**

Signed: August 27, 2021

Martin Reidinger
Chief United States District Judge

3

Case 5:19-cv-00107-MR   Document 15   Filed 08/27/21   Page 3 of 3