IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00107-MR

| | |
|---|---|
| **WESLEY Q. BAKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| **CODY D. REID,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Cody D. Reid's Motion for Summary Judgment [Doc. 33].

**I. BACKGROUND**

The Plaintiff, Wesley Q. Baker ("Baker" or simply, "the Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred while he was incarcerated at the Alexander Correctional Institution.[1] The Plaintiff's notarized Complaint passed initial review on a claim of excessive force against Defendant Reid. [Doc. 1: Complaint; Doc. 8: Order on Initial Review of the Complaint]. The

---

[1] The Plaintiff was incarcerated at Alexander CI at the time he filed the Complaint; he was subsequently released from custody.

Plaintiff seeks compensatory and punitive damages. [Doc. 1: Complaint at 4].

Defendant Reid filed the instant Motion for Summary Judgment arguing that no excessive force occurred and that he is entitled to qualified immunity. [Doc. 33]. Thereafter, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 39: Roseboro Order]. The Plaintiff filed a Response [Doc. 40: MSJ Response], and the Defendant filed a Notice of intent not to reply [Doc. 41: Notice]. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be considered by the Court on summary judgment. Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

3

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott, 550 U.S. at 380.

### III. FACTUAL BACKGROUND

The parties' forecasts of evidence show the following, which is undisputed except as otherwise noted.

Cody Reid is a correctional officer and member of the western region Prison Emergency Response Team. [Doc. 35-2: Reid Decl. at ¶ 2]. At approximately 11:15 a.m. on February 2, 2019, Officer Reid responded to a call for assistance from the Green Unit. [Id. at ¶¶ 5-6]. As Officer Reid entered the Green Unit, he met with numerous offenders who were acting out in an aggressive manner, and were disobeying direct orders to lock down. [Id. at ¶ 7]. Since the facility had been placed on lockdown, Officer Reid began to assist other correctional staff with securing the Green Unit. [Id. at ¶ 8].

According to Officer Reid, the Plaintiff and other offenders refused multiple verbal orders from corrections staff to go to their assigned cells. [Id. at ¶ 9]. As Officer Reid approached the Plaintiff, he ordered the Plaintiff to go back to his cell, and the Plaintiff refused. [Id. at ¶ 10]. As a result of the Plaintiff's defiance and refusal to obey orders, Officer Reid warned the Plaintiff that he would be forced to administer pepper spray. [Id. at ¶ 11]. The Plaintiff continued to defy orders to lock down, so Officer Reid administered two quick bursts of pepper spray pursuant to the prison's Standard Operating Procedures (SOP). [Id. at ¶ 12]. Officer Reid attempted to direct the spray at the Plaintiff's face pursuant to SOP. [Id. at ¶ 14]. However, the Plaintiff was able to turn away, step back, and wave the spray

5

away from himself with his hat. [Id. at ¶ 15, 17]. Consequently, Officer Reid was not able to spray the pepper spray directly into the Plaintiff's face. [Id. at ¶ 16].

According to the Plaintiff, he was on the phone when the disturbance occurred, he was not part of the disturbance, and he had hung up the phone and "proceeded to go to his cell" when Officer Reid sprayed him "excessively" for "no reason…." [Id. at 3-4].

After Officer Reid deployed the pepper spray, the Plaintiff lay face-down on the floor and allowed Officer Reid and other correctional staff to handcuff him behind his back. [Id. at ¶ 18]. The Plaintiff was then escorted to restrictive housing for decontamination. [Id. at ¶ 19]. Officer Reid did not use any force on the Plaintiff after he lay down and submitted to handcuffs. [Id. at ¶ 20].

According to Officer Reid, the use of pepper spray was meant solely to regain control of the situation and was not intended to injure or otherwise harm the Plaintiff. [Id. at ¶ 22]. The Plaintiff's failure to lock down in his assigned cell required Officer Reid to use pepper spray and he did so "in a good faith effort to restore discipline and order." [Id.]. Officer Reid did not intend to be cruel or evil in using pepper spray during the incident. [Id. at ¶ 23].

According to the Plaintiff, Officer Reid's use of pepper spray was "malicious[] and sadistic[]," and harmed him by causing burning for two days, temporary blindness, and permanent vision impairment. [Doc. 1 at 4].

The Defendant has submitted a video file containing footage from the Green Unit's dayroom that captured the incident. [Doc. 38: Notice of Conventionally Filed Video]. The footage shows the following events:

| | |
|---|---|
| 11:17:20 | A large number of officers and inmates enter the Green Unit's dayroom |
| 11:17:28 | The Plaintiff enters the dayroom |
| 11:17:40 | The Plaintiff stops and stands by a table in the middle of the dayroom |
| 11:17:45 | An officer faces the Plaintiff, points towards the unit's stairs and cells, and speaks; the Plaintiff remains in place |
| 11:17:47 | The same officer again points and speaks to the Plaintiff |
| 11:17:51 | Officer Reid approaches the Plaintiff, points towards the unit's stairs and cells, and speaks; the Plaintiff faces Officer Reid but does not move in the indicated direction |
| 11:17:53 | Officer Reid raises his arm and aims his pepper spray canister towards the Plaintiff's face; the Plaintiff ducks, turns away, waves his hat in front of his face, and moves a |

7

     few paces back as Officer Reid and another officer approach him

11:18:13  The Plaintiff lies face-down on the floor; Office Reid and another officer handcuff the Plaintiff's hands behind his back

11:18:22  Officer Reid and the other officer assist the Plaintiff from the ground and escort him out of the dayroom

## IV. DISCUSSION

  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort

8

to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

The Plaintiff claims that he was headed back to his cell from making a phone call when officers entered the unit, that there was no reason for Officer Reid to pepper spray him, that the amount of spray that Reid used was excessive, and that Officer Reid sadistically and maliciously intended to harm him.

The Plaintiff's contentions are conclusively refuted by the forecast of objective evidence. Video of the events demonstrate that the Plaintiff was not innocently headed to his cell when the incident occurred. Rather, he was standing in the middle of the dayroom and had ignored at least three directives to go to his cell by Officer Reid and at least one other officer when Reid attempted to spray him. The sprays were brief and objectively reasonable, they do not appear to have struck the Plaintiff's face, and all use of force ceased as soon as the Plaintiff submitted to handcuffing. The Plaintiff's allegation that Officer Reid used excessive force is "so utterly discredited by the record that no reasonable jury could have believed him." Scott, 550 U.S. at 380. Accordingly, Defendant Reid is entitled to judgment as a matter of law on the Plaintiff's excessive force claim, which is frivolous. See 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A.

9

Case 5:19-cv-00107-MR   Document 42   Filed 06/22/22   Page 9 of 11

The Defendant is also entitled to qualified immunity. "Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "To determine whether an officer is entitled to qualified immunity, the court must examine (1) whether the plaintiff has demonstrated that the officer violated a constitutional right and (2) whether that right was clearly established at the time of the alleged violation." E.W. ex rel. T.W. v. Dolgos, 884 F.3d 172, 178 (4th Cir. 2018) (internal quotation marks omitted). The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Smith v. Ray, 781 F.3d 95, 100 (4th Cir. 2015) (internal quotation marks omitted).

Because the Plaintiff has not presented a forecast of evidence that Defendant Reid violated a constitutional right, the Court grants him summary judgment on this ground as well.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendant Reid's Motion for Summary Judgment and finds the Plaintiff's claim of excessive force to be frivolous.

10

Case 5:19-cv-00107-MR   Document 42   Filed 06/22/22   Page 10 of 11

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Defendant's Motion for Summary Judgment [Doc. 33] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Court finds that the Plaintiff's excessive force claim is frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

The Clerk is respectfully directed to terminate this action.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge